UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 05-cr-40065-004-JPG |
| LARRY D. TOLER, | |
| Defendant. | |

### MEMORANDUM AND ORDER

This matter comes before the Court on consideration of defendant Larry D. Toler's prospects for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10.  Counsel, who has appeared for the defendant on a voluntary basis, has moved to withdraw on the basis that she can make no non-frivolous arguments in support of a request for reduction (Doc. 264).  *See, Anders v. California*, 386 U.S. 738, 744 (1967).  Neither the Government nor the defendant have responded, although both were given an opportunity to do so.

The defendant pled guilty to one count of conspiracy to distribute 500 grams or more of methamphetamine.  At sentencing, the Court adopted the presentence investigation report's relevant conduct finding of approximately 59 kilograms of methamphetamine, *see* PSR ¶ 37, which under U.S.S.G.[1] § 2D1.1 yielded a base offense level of 38.  His offense level was increased by 2 points under U.S.S.G. § 2D1.1(b)(1) as the defendant possessed a weapon during the commission of this offense.  Defendant's offense level was reduced by 3 points under

---

[1] Unless otherwise noted, the references to the U.S.S.G. in this order are to the 2006 version.

U.S.S.G. § 3E1.1(a) and (b) because the defendant accepted responsibility for his crimes. This established a total offense level of 37 with a criminal history category of I, yielded a sentencing range of 210 to 262 months in prison. The Court imposed a sentence of 240 months.

The defendant now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 to lower his sentence. Amendment 782 amended U.S.S.G. § 2D1.1(c) as of November 1, 2014, to lower some base offense levels associated with various relevant conduct drug amounts. The relevant parts of Amendment 782 are retroactive, but cannot become retroactively effective until November 1, 2015. *See* U.S.S.G. § 1B1.10(d) & (e)(1) (2014).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If an amendment does not lower the defendant's applicable guideline range, the Court cannot grant a sentence reduction. *United States v. Taylor*, No. 13-2978, 2015 WL 554452, *5 (7th Cir. Feb. 11, 2015).

The Court cannot grant a reduction for the defendant because he cannot satisfy the first criterion. The defendant was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). When the defendant was sentenced, his relevant conduct of

2

approximately 59 kilograms of methamphetamine warranted a base offense level of 38 because it fell into the category of "15 kilograms or more of methamphetamine."  U.S.S.G. § 2D1.1(c)(1) (2004).  Under Amendment 782, the defendant's relevant conduct still warrants a base offense level of 38 because it falls into the category of "45 kilograms of more of methamphetamine."  U.S.S.G. § 2D1.1(c)(1) (2014).  The defendant's offense level adjustments and criminal history remain the same.  Consequently, his total offense level and his sentencing range were the same before and after Amendment 782.

Because the defendant cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court cannot reduce his sentence by virtue of Amendment 782. *See Taylor*, 2015 WL 554452 at *5.  The Court therefore **GRANTS** counsel's motion to withdraw (Doc. 264) and **ORDERS** that counsel is **WITHDRAWN** from this case.  The Clerk of the U.S. District Court is hereby **DIRECTED** to mail a copy of this order to defendant Larry D. Toler, Reg. No. 06842-025, FPC Pensacola, P.O. Box 3949, Pensacola, FL 32516.

**IT IS SO ORDERED.**

**DATED:   February 24, 2015**

>  *s/J. Phil Gilbert*
> **J. PHIL GILBERT**
> **DISTRICT JUDGE**